# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>vs.<br><br>APPROXIMATELY UP TO $15,034,6633 IN FUNDS CONTAINED IN TEN BANK ACCOUNTS et al.,<br><br>                  Defendants. | SEALED<br>MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:11CV806 DAK |

This matter is before the court on Defendant-Intervenor American International Security Corporation's ("AISC") Petition for Release of Seized Property and AISC's Motion for Protective Order. An evidentiary hearing on the Petition for Release of Seized Property was held on October 7, 2011. At the hearing, Plaintiff United States of America was represented by Cy H. Castle and Jean Weld. Intervenor-Defendant AISC was represented by Steven J. Brooks and Michael W. Young. The court has carefully considered the memoranda and other materials submitted by the parties, along with the testimony presented at the evidentiary hearing. Since taking the matter under advisement, the court has further considered the law and facts relating to this motion, the testimony presented at the hearing, and the arguments presented by counsel. Now being fully advised, the court renders the following Order.

## DISCUSSION

The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, governs all requests for the pretrial release of property that has been seized for civil forfeiture. *See United States of America*

*v. 8 Gilcrease Lane*, 587 F. Supp. 2d 133, 140 (D.D.C. 2008). A claimant may be entitled to immediate release of seized property if five specific criteria are satisfied:

> (A) the claimant has a possessory interest in the property;
>
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
>
> (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
>
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
>
> (E) none of the conditions set forth in paragraph (8) applies.

18 U.S.C. § 983(f)(1). Paragraph (8) in turn, denies relief where the property:

> (A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;
>
> (B) is to be used as evidence of a violation of the law;
>
> (C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or
>
> (D) is likely to be used to commit additional criminal acts if returned to the claimant.

*Id.* § 983(f)(8).

The burden is on the claimant to demonstrate that all five criteria are present. 18 U.S.C.

§ 983(f)(6); *United States v. Contents of Accounts*, 629 F.3d 601, 608 (6th Cir. 2011); *United States v. Undetermined Amount of U.S. Currency*, 376 F.3d 260 (4th Cir. 2004). If a claimant fails to establish any one of the five criteria, its motion for the release of property must be denied. *Undetermined Amount of U.S. Currency*, 376 F.3d at 265.

In this case, while it is clear that the seizure has presented a substantial hardship to AISC, the court finds that AISC's request for release of the funds must be denied. First, AISC's hardship, stemming from the continued possession by the Government of the seized bank account, does not outweigh the risk that the funds will be lost, concealed, or transferred if they are returned to the AISC during the pendency of the proceeding. In addition, AISC has access to a line of credit that could be used, if necessary, for the business to continue functioning. Therefore, AISC cannot satisfy paragraph (D).

Moreover, under paragraph (E), the court cannot order release of AISC's funds if any of the conditions set forth in paragraph 983(f)(8) applies. Paragraph (8)(A) precludes relief where the property

> is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized.

18 U.S.C. § 983(f)(8)(A).

The property at issue here is "currency" or "electronic funds," and, under the statutory language, the return of currency is not permitted *unless* such currency or electronic funds constitute "the assets of a legitimate business which has been seized."

In examining the meaning of this exception, one court aptly stated that "a legitimate business" is singular, "assets" is plural, and "has been seized" is singular; therefore, "has been seized" grammatically must refer to a legitimate business, not assets. *See United States v. Contents of Account No. 340000393243* at * 1, 2010 WL 3398142 (Jan. 2, 2010, S.D. Ohio 2010). Other courts that have addressed this statute have similarly determined that a legitimate business must be seized, not merely the assets of a legitimate business. *See*, *e.g.*, *In Re Seizure Warrants Issued March 27, 2008*, 593 F. Supp. 2d 892 (N.D. W. Va. 2008) (rejecting claimant's argument that the exception applied to "the assets which have been seized from a legitimate business" and determining that the phrase "which has been seized" modifies "legitimate business," not "assets" ); *Kaloti Wholesale, Inc.*, 525 F. Supp. 2d 1067, 1070 n.2 (E.D. Wis. 2007) (exception in § 983(f)(8)(A) does not apply where the Government did not seize the business but merely a portion of its inventory.); *United States of America v. 8 Gilcrease Lane*, 587 F. Supp. 2d 133, 140 (D.D.C. 2008) (concluding that even though 100% of liquid assets were seized, there was insufficient evidence that the Government had seized the "business" for purposes of 18 U.S.C. § 983(f)(8)). The court is not aware of any case in which this exception was found to apply to anything other than an actual seized business.

Here, because the United States has seized one of AISC's bank accounts and not the business itself, the court cannot order release of AISC's funds. This would be true even if AISC had succeeded in demonstrating that its hardship outweighed the risk that the funds would be lost, concealed, or transferred if they were returned to the AISC during the pendency of the proceeding. Accordingly, AISC's Petition for Release of Seized property must be denied.

Regarding AISC's Motion for Protective Order, the court grants the motion but with the caveat that AISC must designate the specific documents that shall remain under seal when the case is eventually unsealed. If the government moves to unseal the case prior to the filing of AISC's designation of confidential documents, the court will provide a short amount of time for AISC to file their confidential designations.

## CONCLUSION

For the reasons set forth above, AISC's Petition for Release of Seized Property [Docket No. 29] is DENIED. AISC's Motion for Protective Order [Docket No. 18] is GRANTED, but AISC shall designate the specific documents that shall remain under seal after the case itself is unsealed.

DATED this 13th day of October, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

United States District Court
for the
District of Utah
October 13, 2011

******MAILING CERTIFICATE OF THE CLERK******

RE:    SEALED
       2:11cv806 DAK


       Cy H. Castle
       US ATTORNEY'S OFFICE (UT)

       Michael W. Young
       PARSONS BEHLE & LATIMER
       201 S MAIN ST STE 1800
       PO BOX 45898
       SALT LAKE CITY, UT  84145-0898

       Jean Weld
       US DEPARTMENT OF JUSTICE
       ASSET FORFEITURE AND MONEY LAUNDERING SECTION
       1400 NEW YORK AVE NW
       BOND BUILDING 10TH FL
       WASHINGTON, DC  20530

       Steven J. Brooks
       DEUTSCH WILLIAMS
       ONE DESIGN CENTER PLACE STE 600
       BOSTON MA 02210

       _____

       Aimee Trujillo,