Brett L. Tolman #8821
John W. Mackay, #6923
Eric G. Benson #10414
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
   Telephone:  (801) 532-1500
   Fax: (801) 532-7543

*Attorneys for David Young & Hernando County Holdings, LLC*

_____

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>APPROXIMATELY UP TO $15,253,826 IN FUNDS CONTAINED IN THIRTEEN BANK ACCOUNTS, et. al.,<br><br>          Defendants. | **ANSWER OF DAVID YOUNG TO SECOND AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM***<br><br>**Demand for Jury Trial**<br><br>Case No. 2:11-CV-00806-DAK<br><br>Honorable Dale A. Kimball |

Intervening Defendants David Young and Hernando County Holdings ("HCH") (collectively, "Defendants"), by and through their counsel of record, hereby respond to Plaintiff, United States of America's ("United States") Second Amended Verified Complaint for Forfeiture *In Rem* ("Second Amended Complaint"), as follows, without waiving any and all defenses thereto including those related to jurisdiction and venue.  Specifically, Defendants

respond to the allegations of the numbered paragraphs of the Second Amended Complaint as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

2.      Paragraph 2 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

## JURISDICTION AND VENUE

3.      Paragraph 3 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

4.      Paragraph 4 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

## PARTIES

5.      Defendants admit the allegations contained in paragraph 5.

6.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Second Amended Complaint subparts (a), (l) through (r), (t) through (w), (mm), (nn), (qq) through (uu), (xx) through (ccc), and, upon that basis, denies the same.  As to the allegations contained in subparts (b) through (k), (s), (x) through (ll), (oo), (pp), (vv), (ww), Defendants admit only to having an interest in those properties, and otherwise deny the allegations.

7.      The allegations contained in paragraph 7 do not require a response.  To the extent that a response is required, Defendants deny the allegations.

## RELEVANT PERSONS AND ENTITIES

8.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Amended Complaint and, upon that basis, deny the same except to admit that, upon information and belief, Christopher Harris served in the United States Army at various times.

9.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Amended Complaint and, upon that basis, deny the same.

10.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint and, upon that basis, deny the same.

11.      Defendants admit the allegations contained in the first sentence of paragraph 11 of the Second Amended Complaint.  Defendants deny the remaining allegations of paragraph 11.

12.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint and, upon that basis, deny the same, except to admit that David Young and Mike Taylor know each other.

13.      Defendants deny the allegations contained in paragraph 13.

14.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Second Amended Complaint and, upon that basis, deny the same.

15.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Second Amended Complaint and, upon that basis, deny the same.

16.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Second Amended Complaint and, upon that basis, deny the same.

17.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Second Amended Complaint and, upon that basis, deny the same, except to admit that David Young was deployed to Afghanistan in the years 2006 and 2007.

18.     Defendants deny the first sentence of paragraph 18.  The second, third and fourth sentences in paragraph 18 of the Second Amended Complaint are admitted.

19.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Second Amended Complaint and, upon that basis, deny the same, except to admit that David Young and Richard Brothers have been business associates in the last ten years.

20.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Second Amended Complaint and, upon that basis, deny the same.

21.     Defendants admit the allegations contained in the first sentence of Paragraph 21. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in second, third and fourth sentences of paragraph 21 and, upon that basis, deny the same.

22.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Complaint and, upon that basis, deny the same, except to admit that David Young is a manager of World Wide Trainers, which recruits candidates to fulfill government contracts in Afghanistan.

23.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Second Amended Complaint and, upon that basis, deny the same.

24.     Defendants admit the allegations in the first three sentences of paragraph 24.  As to the allegations contained in the fourth sentence of paragraph 24, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and, upon that basis, deny the same.

25.     Defendants admit the allegations contained in the first, third and fourth sentences of paragraph 25.  As to the allegations contained in the second sentence of paragraph 25,

Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and, upon that basis, deny the same.

26.     Defendants admit the allegations contained in the first two sentences of paragraph 26.  Defendants deny the remaining allegations contained in paragraph 26.

27.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint and, upon that basis, deny the same.

28.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Second Amended Complaint and, upon that basis, deny the same.

29.     Defendants admit the allegations contained in paragraph 29.

30.     Defendants admit the allegations contained in the first three sentences of paragraph 30.  Defendants deny the remaining allegations contained in paragraph 30.

31.     Defendants admit the allegations contained in the first two sentences of paragraph 31.  As to the remaining allegations contained in paragraph 31, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and, upon that basis, deny the same.

32.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 32 of the Second Amended Complaint and, upon that basis, deny the same.  Defendants deny the remaining allegations contained in paragraph 32.

33.     Defendants admit the allegations contained in paragraph 33.

**FACTS SUPPORTING FORFEITURE**

34.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 34 of the Second Amended Complaint and, upon that basis, deny the same.

35.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Second Amended Complaint and, upon that basis, deny the same.

36.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Second Amended Complaint and, upon that basis, deny the same.

37.     Defendants deny the allegations contained in paragraph 37.

38.     Defendants deny the allegations contained in paragraph 38.

39.     Defendants deny the allegations contained in paragraph 39.

40.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Second Amended Complaint and, upon that basis, deny the same.

41.     Defendants deny the allegations contained in paragraph 41.

42.     Defendants deny the allegations contained in paragraph 42.

43.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Second Amended Complaint and, upon that basis, deny the same.

44.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in first two sentences of paragraph 44 of the Second Amended Complaint and, upon that basis, deny the same.  Defendants deny the remaining allegations contained in paragraph 44.

45.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in first three sentences of paragraph 45 of the Second Amended Complaint and, upon that basis, deny the same.  Defendants deny the remaining allegations contained in paragraph 45.

46.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Second Amended Complaint and, upon that basis, deny the same.

47.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Second Amended Complaint and, upon that basis, deny the same.

48.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in first three sentences of paragraph 48 of the Second Amended Complaint and, upon that basis, deny the same.  Defendants deny the remaining allegations contained in paragraph 48.

49.      Defendants deny the allegations contained in paragraph 49.

50.      Defendants admit that David Young knew Chris Harris and has communicated with by email him in some fashion.   Otherwise, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Second Amended Complaint and, upon that basis, deny the same.

51.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Second Amended Complaint and, upon that basis, deny the same.

52.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and its attendant chart, of the Second Amended Complaint and, upon that basis, deny the same.

53.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of paragraph 53 of the Second Amended Complaint and, upon that basis, deny the same.   Defendants deny the remaining allegations of paragraph 53.

54.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Second Amended Complaint and, upon that basis, deny the same.

55.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Second Amended Complaint and, upon that basis, deny the same.

56.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Second Amended Complaint and, upon that basis, deny the same.

57.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Second Amended Complaint and, upon that basis, deny the same.

58.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Second Amended Complaint and, upon that basis, deny the same.

59.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Second Amended Complaint and, upon that basis, deny the same.

60.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Second Amended Complaint and, upon that basis, deny the same.

61.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Second Amended Complaint and, upon that basis, deny the same.

62.     Defendants deny the allegations contained in paragraph 62.

63.     Defendants deny the allegations contained in paragraph 63.

64.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Second Amended Complaint and, upon that basis, deny the same.

65.     Defendants deny the allegations contained in paragraph 65.

66.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Second Amended Complaint and, upon that basis, deny the same.

67.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Second Amended Complaint and, upon that basis, deny the same.

68.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Second Amended Complaint and, upon that basis, deny the same.

69.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Second Amended Complaint and, upon that basis, deny the same.

70.     Defendants deny the allegations contained in paragraph 70.

71.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained the first sentence of paragraph 71 of the Second Amended Complaint and, upon that basis, deny the same.  Defendants admit to the allegations contained in the second and third sentences of paragraph 71, but otherwise deny any implication that the

accounts were used for any illegitimate or criminal purposes.  Defendants deny the allegations contained in the fourth sentence of paragraph 71.

72.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Second Amended Complaint and, upon that basis, deny the same.

73.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Second Amended Complaint and, upon that basis, deny the same.

74.     Defendants deny the allegations contained in paragraph 74.

75.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Second Amended Complaint and, upon that basis, deny the same.

76.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Second Amended Complaint and, upon that basis, deny the same.

77.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Second Amended Complaint and, upon that basis, deny the same.

78.     To the extent that the allegations contained in paragraph 78 contain legal conclusions, no response is required.  Defendant denies the remaining allegations contained in paragraph 78.

79.     Defendants deny the allegations contained in paragraph 79.

80.     Defendants deny the allegations contained in paragraph 80.

81.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Second Amended Complaint and, upon that basis, deny the same.

<u>FINANCIAL TRACING OF FRAUD PROCEEDS</u>

82.     To the extent that the allegations contained in paragraph 82 concern Defendants David Young or HCH, they are denied.  Defendants otherwise are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Second Amended Complaint and, upon that basis, deny the same.

83.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Second Amended Complaint and, upon that basis, deny the same.

84.     Defendants deny the allegations contained in paragraph 84.

85.     Defendants deny the allegations contained in paragraph 85.

86.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Second Amended Complaint and, upon that basis, deny the same.

87.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Second Amended Complaint and, upon that basis, deny the same.

88.     Defendants deny the allegations contained in paragraph 88.

89.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Second Amended Complaint and, upon that basis, deny the same.

90.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Second Amended Complaint and, upon that basis, deny the same.

91.     Defendants deny the allegations contained in paragraph 91.

92.     Defendants deny the allegations contained in paragraph 92.

93.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Second Amended Complaint and, upon that basis, deny the same.

94.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Second Amended Complaint and, upon that basis, deny the same.

95.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Second Amended Complaint and, upon that basis, deny the same.

96.     Defendants deny the allegations contained in paragraph 96.

97.     Defendants deny the allegations contained in paragraph 97.

98.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Second Amended Complaint and, upon that basis, deny the same.

99.     Defendants deny the allegations contained in paragraph 99.

100.    Defendants deny the allegations contained in paragraph 100.

101.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Second Amended Complaint and, upon that basis, deny the same.

102.    Defendants deny the allegations contained in paragraph 102.

103.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Second Amended Complaint and, upon that basis, deny the same.

104.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Second Amended Complaint and, upon that basis, deny the same.

105.    Defendants deny the allegations contained in paragraph 105.

106.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Second Amended Complaint and, upon that basis, deny the same.

107.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Second Amended Complaint and, upon that basis, deny the same.

108.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Second Amended Complaint and, upon that basis, deny the same.

109.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Second Amended Complaint and, upon that basis, deny the same.

110.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Second Amended Complaint and, upon that basis, deny the same.

111.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Second Amended Complaint and, upon that basis, deny the same.

112.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Second Amended Complaint and, upon that basis, deny the same.

113.   Defendants deny the allegations contained in paragraph 113.

114.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Second Amended Complaint and, upon that basis, deny the same.

115.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Second Amended Complaint and, upon that basis, deny the same.

116.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Second Amended Complaint and, upon that basis, deny the same.

117.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Second Amended Complaint and, upon that basis, deny the same.

118.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Second Amended Complaint and, upon that basis, deny the same.

119.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Second Amended Complaint and, upon that basis, deny the same.

120.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Second Amended Complaint and, upon that basis, deny the same.

121.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Second Amended Complaint and, upon that basis, deny the same.

122.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Second Amended Complaint and, upon that basis, deny the same.

123.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Second Amended Complaint and, upon that basis, deny the same.

124.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Second Amended Complaint and, upon that basis, deny the same.

125.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Second Amended Complaint and, upon that basis, deny the same.

126.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Second Amended Complaint and, upon that basis, deny the same.

127.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Second Amended Complaint and, upon that basis, deny the same.

128.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Second Amended Complaint and, upon that basis, deny the same.

129.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Second Amended Complaint and, upon that basis, deny the same.

130.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Second Amended Complaint and, upon that basis, deny the same.

131.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Second Amended Complaint and, upon that basis, deny the same.

132.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Second Amended Complaint and, upon that basis, deny the same.

133.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Second Amended Complaint and, upon that basis, deny the same.

134.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the Second Amended Complaint and, upon that basis, deny the same.

135.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Second Amended Complaint and, upon that basis, deny the same.

136.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Second Amended Complaint and, upon that basis, deny the same.

137.    Defendants deny the allegations contained in paragraph 137.

138.    Defendants deny the allegations contained in paragraph 138.

139.    Defendants deny the allegations contained in paragraph 139.

140.    Defendants deny the allegations contained in paragraph 140.

141.    Defendants deny the allegations contained in paragraph 141.

142.    Defendants deny the allegations contained in paragraph 142.

143.    Defendants deny the allegations contained in paragraph 143.

144.    Defendants deny the allegations contained in paragraph 144.

145.    Defendants deny the allegations contained in paragraph 145.

146.    Defendants deny the allegations contained in paragraph 146.

147.    Defendants deny the allegations contained in paragraph 147.

148.    Defendants deny the allegations contained in paragraph 148.

149.    Defendants deny the allegations contained in paragraph 149.

150.    Defendants deny the allegations contained in paragraph 150.

151.    Defendants deny the allegations contained in paragraph 151.

152.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the Second Amended Complaint and, upon that basis, deny the same.

153.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the Second Amended Complaint and, upon that basis, deny the same.

154.    Defendants deny the allegations contained in paragraph 154.

155.    Defendants deny the allegations contained in paragraph 155.

156.    Defendants deny the allegations contained in paragraph 156.

157.    Defendants deny the allegations contained in paragraph 157.

158.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the Second Amended Complaint and, upon that basis, deny the same.

159.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the Second Amended Complaint and, upon that basis, deny the same.

160.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the Second Amended Complaint and, upon that basis, deny the same.

161.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the Second Amended Complaint and, upon that basis, deny the same.

162.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the Second Amended Complaint and, upon that basis, deny the same.

163.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of the Second Amended Complaint and, upon that basis, deny the same.

164.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Second Amended Complaint and, upon that basis, deny the same.

165.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the Second Amended Complaint and, upon that basis, deny the same.

166.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 166 of the Second Amended Complaint and, upon that basis, deny the same.

167.    Defendants admit that certain gold coins were shipped to the residence at 3174 Gulf Winds Circle, Hernando Beach, Florida.  Otherwise, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the remaining

portions of paragraph 167 of the Second Amended Complaint and, upon that basis, deny the same.

168.    Defendants deny the allegations contained in paragraph 168.

169.    Defendants admit that certain Krugerrands gold coins were shipped to David Young at some point.  Otherwise, Defendants and David Young are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the remaining portions of paragraph 169 of the Second Amended Complaint and, upon that basis, deny the same.

170.    Defendants deny the allegations contained in paragraph 170.

171.    Defendants deny the allegations contained in paragraph 171.

172.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 172 of the Second Amended Complaint and, upon that basis, deny the same.

173.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 173 of the Second Amended Complaint and, upon that basis, deny the same.

174.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of the Second Amended Complaint and, upon that basis, deny the same.

## FIRST CLAIM FOR RELIEF
### 18 U.S.C. § 981(a)(1)(C)

175.    Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 174 of the Second Amended Complaint as if set forth fully therein.

176.    Paragraph 176 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

177.    Paragraph 177 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

178.    Paragraph 178 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.  Insofar as they are factual and concern Defendants, they are denied.

179.    Paragraph 179 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

## SECOND CLAIM FOR RELIEF
### 18 U.S.C. § 981(a)(1)(C)
### (Forfeiture of Proceeds from Violations of 18 U.S.C. § 1343)

180.    Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 179 of the Second Amended Complaint as if set forth fully herein.

181.    Paragraph 181 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

182.    Paragraph 182 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.  Insofar as they are factual and concern Defendants, they are denied.

### THIRD CLAIM FOR RELIEF
### 18 U.S.C. § 981(a)(1)(A)
### (Forfeiture of Property Involved in Money Laundering, in Violation of 18 U.S.C. § 1956(A)(1)(B)(I))

183.   Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 182 of the Second Amended Complaint as if set forth fully herein.

184.   Paragraph 184 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

185.   Paragraph 185 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

186.   Paragraph 186 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.  Insofar as they are factual and concern Defendants, they are denied.

### FOURTH CLAIM FOR RELIEF
### 18 U.S.C. § 981(a)(1)(A)
### (Forfeiture of Property Involved In Money Laundering, in Violation of U.S.C. § 1957)

187.   Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 186 of the Second Amended Complaint as if set forth fully herein.

188.   Paragraph 188 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

189.   Paragraph 189 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

190.   Paragraph 190 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.

191.    Paragraph 191 contains a legal conclusion to which no response is required. Defendants otherwise deny the allegations of this paragraph.  Insofar as they are factual and concern Defendants, they are denied.

192.    Defendant denies any remaining allegations contained in Plaintiff United States' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This action for forfeiture *in rem* must be dismissed as against Defendants and its property because the Court lacks jurisdiction over the property of Defendants that is the subject of the Second Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

Venue does not lie for this action in the District of Utah

### THIRD AFFIRMATIVE DEFENSE

This action should be transferred from the District of Utah, on the basis of *forum non conveniens*.

### FOURTH AFFIRMATIVE DEFENSE

This action should be dismissed as against Defendants and its property, because Defendants are innocent owners of the property that is a subject of the Second Amended Complaint, within the meaning of 18 U.S.C. § 983(d).

<u>FIFTH AFFIRMATIVE DEFENSE</u>

This action should be dismissed as against Defendants and its property, and any finding or judgment of forfeiture as to that property should be vacated, because the value of Defendants' property at issue is disproportional to the extent of the purported wrongdoing, including any purported wrongdoing on the parts of Defendants.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

This action should be dismissed as against Defendants and its property, and any finding or judgment of forfeiture s to that property should be vacated, on the basis that it violates the excessive fines clause of the United States Constitution.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

At all relevant times, Defendants were not aware, nor did they participate in any conspiracy or scheme to defraud the United States or to launder or conceal proceeds of any contracts with the United States, nor did they conceal or launder any other proceeds from specified unlawful activity, nor did they engage in any illegal or criminal conduct in connection with any such contracts.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

The Second Amended Complaint must be dismissed for failing to state a claim upon which relief may be granted as against Defendants.

<u>NINTH AFFIRMATIVE DEFENSE</u>

The Second Amended Complaint must be dismissed for failing to allege fraud with the requisite particularity as against Defendants.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Defendants reserve the right under Rule 11 of the Federal Rules of Civil Procedure to amend this answer and raise additional Affirmative Defenses if, during the course of discovery, information comes to the attention of Defendants that would, in good faith, allow for the raising of such affirmative defenses.

**<u>DEMAND FOR JURY TRIAL</u>**

Defendants hereby demand a jury trial on all issues triable by a jury.

Dated this 17th day of April, 2012.

RAY QUINNEY & NEBEKER P.C.

_____/s/ Brett L. Tolman_____

Brett L. Tolman
John W. Mackay
Eric G. Benson
*Attorneys for David Young & Hernando County Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2012, I electronically submitted the

foregoing **ANSWER OF DAVID YOUNG TO SECOND AMENDED VERIFIED**

**COMPLAINT FOR FORFEITURE *IN REM*** to the Clerk of the Court using the EC/ECF

system, which sent notification of such filing to the following:

Cy H. Castle
Jean Weld
Kristen M. Warden
U.S. Attorney's Office for District of Utah
185 S. State Street, Suite 300
Salt Lake City, UT  84111

Daniel R. Deutsch
Steven J. Brooks
Deutsch Williams Brooks DeRensis & Holland P.C.
One Design Center Place, Suite 600
Boston, MA  02210

Michael W. Young
Parsons Behle
201 South Main Street #1800
Salt Lake City, UT  84111

Thomas J. Burns
Durham Jones & Pinegar
111 East Broadway, Suite 900
Salt Lake City, UT  84110

_____   /s/ Dawn E. Bouvier   _____

1177890v15