DAVID B. BARLOW, United States Attorney (#13117)
TYLER L. MURRAY, Assistant United States Attorney (#10308)
CY H. CASTLE, Assistant United States Attorney (#04808)
KRISTEN M. WARDEN, Trial Attorney (admitted *pro hac vice*)
ANAND SITHIAN, Trial Attorney (admitted *pro hac vice*)
Attorneys for the United States of America
185 South State Street, Suite 300, Salt Lake City, Utah 84111
Telephone: (801) 524-5682 Fax: (801) 325-3310

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> APPROXIMATELY UP TO $15,253,826 IN FUNDS CONTAINED IN THIRTEEN BANK ACCOUNTS; et al., <br><br> Defendants-in-rem. | CONSENT ORDER OF SETTLEMENT AND FORFEITURE <br><br> Case No. 2:11-cv-00806-DAK <br><br> Judge Dale A. Kimball |

WHEREAS, on November 23, 2011 the United States Attorney's Office for the District of Utah and the U.S. Department of Justice, Criminal Division, Asset Forfeiture and Money Laundering Section (collectively the "United States") filed a second Amended Complaint, under seal, seeking forfeiture of Defendants-in-rem, including a Lake Seafloat airplane, model: LA-4-200, Serial Number 576, Registration Number 16RC (the "Airplane");

1

WHEREAS on March 27, 2012, Air Options, LLC ("Air Options") filed a timely claim to the Airplane and filed a timely answer in support of its claim on April 16, 2012;

WHEREAS, in order to avoid the uncertainty, time, delay, needless burden, and expense of protracted litigation, and because the United States regards that it is in the public interest to settle disputes with respect to the claim and answer filed by Air Options, Air Options and the United States (the "parties") have agreed to settle all claims to the Airplane by virtue of this Consent Order of Settlement and Forfeiture;

WHEREAS, notice of this action has been provided to all persons or entities known to the United States to have an interest in the Airplane, and by publication, and the only claim to the Airplane was filed by Air Options;

WHEREAS, on March 26, 2012, the United States filed a Notice of Compliance With Regard to Publication with the Court attesting that the publication requirements in Supplemental Rule G were satisfied (*See* Docket Entry No. 99);

WHEREAS, pursuant to settlement negotiations between the parties, Air Options will pay the United States $33,000 as a substitute *res* for the Airplane, and Air Options agrees to forfeit to the United States the $33,000 substitute *res*, and agrees to release and waive any claim to the $33,000 substitute *res*;

WHEREAS, pursuant to settlement negotiations between the parties, the United States agrees to release the Airplane to Air Options free of any claims, right, title, or interest the United States may have to the Airplane, AS IS, with no warranties of any kind;

WHEREAS, the parties agree that neither the United States nor claimant Air Options substantially prevailed in this litigation;

WHEREAS, no other claims, other than the one recited above, have been filed to the Airplane;

AND WHEREAS, it appearing to the Court that the parties have agreed to a resolution of this matter with respect to the Airplane, and deeming it proper to do so;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Notice of this action having been given to all persons or entities known to the United States to have an interest in the Airplane, and by publication, and the only claim to the Airplane was filed by Air Options;

2. Air Options shall pay the United States $33,000 as substitute *res* for the Airplane. Payment shall be made in the form of a cashier's check made payable to the "United States Department of Treasury," and shall be delivered to the Internal Revenue Service-Criminal Investigation, Attn: Wade Berrett, 50 South 200 East, MS 9000, Salt Lake City, Utah 84111. The $33,000 substitute *res* shall be forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A) and (C), free from the claims of all persons;

3. The United States shall release any claim it may have against the Airplane and the Airplane shall be returned to Air Options, free of any storage cost liens or claims, after this Consent Order of Settlement and Forfeiture is signed and entered and payment of the $33,000 substitute *res* is received;

4. The United States shall dispose of the forfeited property in accordance with the law;

3

5. Claimant Air Options releases the United States of America and all of its respective agencies, officers, agents and employees from any claims or actions concerning the seizure of the Airplane, including that for attorney's fees or costs or interest, and any means, within the bounds of the law, that it may use to effectuate the terms of this settlement agreement. The United States releases claimant Air Options and its respective agents, officers, and employees from any claims or actions concerning the seizure of the Airplane, including that for attorney's fees or costs or interest, and any means, within the bounds of the law, that it may use to effectuate the terms of this settlement agreement;

6. Nothing in this Consent Order of Settlement and Forfeiture is intended or should be interpreted as an admission of any violation of law by claimant Air Options. The entry of the Consent Order of Settlement and Forfeiture is not intended, and should not be interpreted, as a finding by the Court of any violation of law by claimant Air Options; and

///

4

7. The parties shall execute any documents necessary or proper to effectuate the terms of this Consent Order of Settlement and Forfeiture.

_____
Date

_____
DALE A. KIMBALL
UNITED STATES DISTRICT COURT JUDGE

WE ASK FOR THIS:

_____
Tyler L. Murray
Assistant United States Attorney

_____
Kristen M. Warden
Anand Sithian
Trial Attorneys

_____
Shane D. Buntrock
Counsel for Claimant Air Options, LLC

5