DAVID B. BARLOW, United States Attorney (#13117)
TYLER L. MURRAY, Assistant United States Attorney (#10308)
CY H. CASTLE, Assistant United States Attorney (#04808)
KRISTEN M. WARDEN, Trial Attorney (admitted *pro hac vice*)
ANAND SITHIAN, Trial Attorney (admitted *pro hac vice*)
Attorneys for the United States of America
185 South State Street, Suite 300, Salt Lake City, Utah 84111
Telephone: (801) 524-5682 ◆ Fax: (801) 325-3310

FILED
U.S. DISTRICT COURT
2013 JAN 31 P 2:09
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY UP TO $15,253,826 IN FUNDS CONTAINED IN THIRTEEN BANK ACCOUNTS; et al.<br><br>Defendants. | UNITED STATES' MOTION TO STAY CIVIL FORFEITURE PROCEEDING PURSUANT TO 18 U.S.C. § 981(g)(1) AND MEMORANDUM OF LAW IN SUPPORT<br><br>Case No. 2:11CV00806-DAK<br><br>Judge Dale A. Kimball |

## I. GROUNDS FOR MOTION AND RELIEF SOUGHT

Plaintiff United States of America ("the government"), through its counsel, respectfully submits this motion to stay this civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g) until its companion criminal case, *United States v. David Young, et. al.*, 2:12CR00502-TC, is resolved, either through a verdict or by way of plea. The United States requests the stay for the following reasons: (1) to allow civil discovery to proceed in this case, at this time, will adversely affect the ability of the United States to conduct the prosecution of the related criminal case; (2) a stay is the appropriate remedy for balancing the countervailing interests of the United States, the defendants in the criminal case, and the claimants; and (3) claimants should not be permitted to use civil discovery to circumvent the criminal discovery process.

## II. STATEMENT OF FACTS

On November 23, 2011, the government filed its Second Amended Complaint for Forfeiture *in Rem* ("Complaint") against several defendants *in rem* (collectively "defendant properties").[1] Doc. 51. The complaint alleges that the defendant properties are subject to forfeiture under: 1) 18 U.S.C. § 981(a)(1)(C) because they "constitute or are derived from proceeds traceable to violations of 18 U.S.C. §§ 666 and 1343"; and 2) 18 U.S.C. § 981(a)(1)(A) because they were "involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 and 1957." Doc. 51 ¶ 2.

On October 5, 2011, American International Services Corporation ("AISC") filed a claim of interest to funds seized by the government from its Mellon Trust Bank checking account on September 8, 2011 (Doc. 38-1), and answered the Complaint on December 16, 2011 (Doc. 63). On March 21, 2012, Trissie Kae Cox filed a claim against three real properties in St. George, Utah. Doc. 96. On March 27, 2012, Christopher Harris filed his claim against three real properties in St. George, Utah. Doc. 102. On March 27, 2012, Air Options, LLC, filed its claim against a Seafloat Aircraft (Doc. 105), and answered the complaint on April 16, 2012 (Doc. 107). On March 28, 2012, Ashley Speck filed her claim against a 1999 Jaguar (Doc. 106), and answered the complaint on April 17, 2012 (Doc. 111). On April 17, 2012, David Young filed his amended claim on behalf of various corporate entities (Hernando County Holdings ("HCH"), Paper Mill Village, World Wide Trainers ("WWT"), and Welventure) and/or for himself

---

[1] The defendant properties include Approximately Up to $15,034,663 in Funds Contained in Thirteen Bank Accounts; All Funds Contained in USAA College Savings Plans Account 4801 and Account 4802; All Funds Contained in Fidelity Investment Accounts 4560 and 7910; All Funds Contained in Vanguard Account 1699; Twenty Parcels of Real Property and Improvements; One 2010 Ford Taurus; One 2010 Harley Davidson; One 2002 Sea Ray Mercruiser; One 2006 Hummer H3; One 1999 Jaguar; One Seafloat Aircraft; One 2010 Dodge Ram Truck; Thirty 10-Ounce Silver Bars; Seven 100-Ounce Silver Bars; 225 One-Ounce American Gold Eagle Coins; 200 One-Ounce South African Gold Krugerrand Coins; and Six Firearms.

individually against ten bank accounts, 16 real properties, a 2006 Hummer, a 2002 Sea Ray Mercruiser, 225 one-ounce American Eagle gold coins, and 200 one-ounce South African Gold Krugerrand coins. Doc. 109. David Young and HCH answered the complaint on April 17, 2012. Doc. 110.

On May 1, 2012, the government moved for a default judgment as to all persons and entities including Christopher Harris as to several of the uncontested defendant properties. Doc. 117. The court granted this motion on May 18, 2012.[2] Doc. 132.

On August 22, 2012, a federal grand jury in the District of Utah returned an indictment against David Young, Christopher Harris, Michael Taylor, and American International Security Corporation ("AISC") (collectively the "Criminal Defendants") charging all Criminal Defendants with multiple crimes including government procurement fraud, bribery of a public official, wire fraud, money laundering, and conspiracy to commit the same crimes. *See United States v. David Young, et. al.*, 2:12CR00502-TC, Doc 1. These charges arose from an investigation into David Young, Christopher Harris, Michael Taylor, and AISC's involvement in

---

[2] The properties forfeited to the United States by default judgment include the following: Real Property located at 3005 Maverick Drive, Lake Havasu City, AZ 86404; All funds and monies contained in USAA College Savings Plan, Account # 506488048-01; All funds and monies contained in USAA College Savings Plan, Account # 506488048-02; All funds and monies contained in Fidelity, TOD Individual and Self-Employed 401(k) Account # 349-644560, Self-Employed 401(k); All funds and monies contained in Fidelity Account X40-377910; All funds and monies contained in Vanguard, Account 0053-88016391699; All funds and monies contained in the checking account of Christopher Harris at Well Fargo Bank, Account # 5561473132; All funds and monies up to $200,000 contained in the account of Christopher Harris at Well Fargo Bank, Account # 6071416488; 2010 Ford Taurus SHO Sedan AWD, VIN: 1FAHP2KT0AG131915; 2010 Harley Davidson VROD, VIN: 1HD1HPH32AC803606; 2010 Dodge Ram Truck, VIN: 1D7RV1CT0AS159276; Thirty BARS6, generic 10 ounce silver bars from Christopher Harris; Seven BARS4, 100 ounce Silver bars from Christopher Harris; Heckler & Koch model USP45,.45 caliber pistol, Serial Number: 29-087108; Glock model 36,.45 caliber pistol, Serial Number: PKS666; Smith & Wesson model M&P 15-22,.22 caliber pistol, Serial Number: DUM9146; HS Products model XDM,.45 caliber pistol, Serial Number: MG514869; Colt model Gold Cup,.45 caliber pistol, Serial Number: GCT25888; and MAC-10 45 ACP, Serial Number: Unknown.

procuring a U.S. Army contract in Afghanistan in the summer of 2007. This companion civil forfeiture case is based on the same investigation and facts.

The indictment includes a forfeiture notice specifying that, upon conviction of the charges in the indictment, the Criminal Defendants must forfeit their interest in all property constituting proceeds of the various crimes charged as well as property used or intended to be used to facilitate the offenses committed and any property traceable thereto. Most of the properties sought for criminal forfeiture are defendants *in rem* sought for forfeiture in this civil forfeiture proceeding.[3]

The United States requests a stay of this proceeding on the basis that permitting the parties to proceed with civil discovery will prejudice both parties and, in particular, will adversely affect the United States' ability to prosecute the related criminal case.

### III. ARGUMENT

**A. The Court Should Order A Stay Of The Civil Forfeiture Case Because Permitting Full Civil Discovery Will Adversely Affect The United States' Ability To Prosecute The Related Criminal Case.**

    a. Background of 18 U.S.C. § 981(g)(1)

Title 18, United States Code, Section 981(g) states:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

Thus, to obtain a stay the government must show: 1) that a related criminal investigation or prosecution exists and 2) that civil discovery would adversely affect such investigation or

---

[3] The exceptions include certain properties that were already forfeited in the civil case at the time the grand jury returned its indictment and newly discovered and seized assets of Michael Taylor that were included in the criminal case only. It was unnecessary to include properties already forfeited in the civil case in the indictment.

prosecution. *See All Funds Deposited in Acct. No. 200008524845*, 162 F. Supp. 2d 1325, 1329-30 (D. Wyo. 2001); *United States v. $1,730,010.00 in US. Currency*, No. EP-06-CA-0406-FM, 2007 WL 1164104, at *2-3 (W.D. Tex. Apr. 16, 2007); *United States v. GAF Fin. Services, Inc.*, 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004) (CAFRA "provide[s] for a stay whenever a court determines that civil discovery will adversely affect the ability of the government to investigate or prosecute a related criminal case."). Upon such a determination, the court ***must*** stay the underlying civil forfeiture proceeding. *See, e.g., All Funds Deposited in Acc't No. 200008524845*, 162 F. Supp. 2d at 1330-3; *United States v. 3039.375 Pounds of Copper Coins*, No. 1:08-CV-230, 2009 WL 2168937, at *1 (W.D.N.C. July 20, 2009); *United States v. 10 Table Bluff Rd.*, No. 06-5256, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007). Thus, if civil discovery will have an ***anticipated adverse effect*** on the related criminal investigation or prosecution, a stay should be granted. *Id.*

The government is not required to make a "particularized showing of prejudice or specific harm" just whether it is ***likely*** "civil discovery will interfere with the criminal investigation." *United States v. One 2008 Audi R8 Coupe Quattro*, No. 2:10-CV-03662, No. 2:10-CV-03662, 2011 WL 5966383, at *3 (C.D. Cal. 2011) (requiring more specific disclosure would likely result in the very prejudice the government seeks to avoid by filing the stay). In determining whether civil discovery will adversely affect the ability of the United States to conduct a related criminal case, courts have held that, "[w]here civil discovery would subject the government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *United States v. All Funds on Deposit in Suntrust Acc't No. 8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) (citing

*United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005)); *see also 10 Table Bluff Rd.*, 2007 WL 911849, at *2 ("civil discovery will likely adversely affect the ability of the Government to conduct the related criminal investigation because it will subject the Government's criminal investigation to broader and earlier discovery than would occur in a criminal proceeding"); *United States v. 2009 Dodge Challenger*, No. 03:11-CV-328, 2011 WL 6000790, at *1-2 (D. Or. Nov. 30, 2011) (the broader and earlier discovery available in a civil forfeiture case is itself a sufficient reason to grant a stay).

### B. The Pending Criminal Prosecution of Young, Harris, Taylor, and AISC Is A "Related Criminal Case" To This Civil Forfeiture Proceeding.

Here, this civil forfeiture matter and the criminal case are inextricably related. Section 981(g)(4) broadly defines "related criminal case" to mean "an actual prosecution . . . in progress at the time at which the request for the stay . . . is made" with a "degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings[.]" *See* 18 U.S.C. § 981(g)(4); *United States v. All Funds on Deposit in Bus. Money Mkt. Acc't 028-0942059-66*, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004) (where civil and criminal proceedings have common facts and witnesses and similar schemes, they are related under 18 U.S.C. § 981(g)(1) and (4)); *One 2008 Audi R8 Coupe Quattro*, 2011 WL 5966383 at *4 (holding "the instant forfeiture action and criminal case . . . are directly related and arise from the same factual circumstances"); *United States v. Approx. $345,762.38 Seized From Nine Fin. Acc'ts*, No. 3:09-CV-385, 2009 WL 3230608, at *1-2 (W.D.N.C. Oct. 1, 2009) (holding that the ongoing criminal investigation and civil judicial forfeiture action are "related" under Section 981(g) because "they involve the same parties, witnesses, facts, and circumstances."). In other words, to be related, the civil and criminal cases should have some similarities, but need not be carbon copies of one another.

Based on these standards, this civil forfeiture action and the criminal case qualify as "related" under section 981(g). The indictment describes an extensive military contract fraud scheme and explains how from about January 2007 through about January 2011, the Criminal Defendants committed fraud against the United States government in procuring U.S. Army contracts in Afghanistan. *See* 2:12CR00502-TC, Doc. 1. The verified Complaint in this matter alleges the exact same set of factual allegations as grounds for the forfeiture, based upon similar legal grounds. *See* 2:11CV00806-DAK, Doc. 51. Proving both cases will involve the same witnesses and similar documents and will deal with the same operative set of facts and circumstances. Additionally, because most of the properties subject to forfeiture in the criminal indictment are also defendants *in rem* in this civil forfeiture case, the interests held by claimants in those properties will, in all likelihood, be resolved in the criminal case. Thus, for purposes of Section 981(g), the pending criminal case against David Young, Christopher Harris, Michael Taylor, and AISC is indisputably a "related criminal case" to this civil matter.

### C. Civil Discovery Will Adversely Affect the Related Criminal Proceeding.

Civil discovery will adversely affect the related criminal case for both the United States and the Criminal Defendants. For the United States, the adverse impact of full civil discovery during the pendency of a related criminal proceeding arises from the claimant's ability to seek much broader discovery than would be allowed in the criminal case.[4] For example, the Criminal Defendants could seek the identity and depositions of all of the prosecution witnesses, including case investigators. In addition, the Criminal Defendants have the ability to obtain grand jury and

---

[4] There are three claimants in this case – Trissie Kae Cox, Air Options, LLC, and Ashley Speck – who are not also defendants in the companion criminal case, *United States v. David Young, et. al.*, 2:12CR00502-TC. On January 2, 2013, this court entered a Consent Order of Settlement and Forfeiture which resolved Air Options, LLC's claim. Air Options, LLC is therefore no longer a party to this proceeding.

other investigative material for which disclosure is not permitted under Fed. R. Crim. P. 16. The Criminal Defendants may also be able to obtain *Jenks* and *Giglio* material prior to the deadlines for providing such discovery in the criminal case. *See One 2008 Audi R8 Coupe Quattro*, 2011 WL 5966383, at *4 (deposition of criminal case agent could "reveal information and evidence collected in support of [the defendant's] indictment, which the Government need not reveal in criminal discovery." ) (citing Fed. R. Crim. P. 16(a)(2)); *One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d at 4 (civil discovery "will subject the Government's criminal investigation to early and broader . . . discovery than would otherwise be possible in the context of the criminal proceeding"). "Clearly, allowing discovery in this case at this time would run afoul of the criminal discovery orders entered in [the parallel related criminal case]." *3039.375 Pounds of Copper Coins*, 2009 WL 2168937, at *1.

In this case, unless a stay is granted, claimants will be able to circumvent the narrower criminal discovery rules under Fed. R. Crim. P. 16 and 18 U.S.C. § 3500 with broader civil discovery requests and, thereby, impede the United States' prosecution of the related criminal case. *Compare generally* FED. R. CIV. P. 26-37 *with* FED. R. CRIM. P. 15-17. Criminal discovery has a narrower scope in comparison to its civil counterpart, in part to protect against revelation of the identity of prospective government witnesses and the potential for creating an opportunity for others to intimidate or perhaps physically harm those witnesses, or to obstruct justice prior to the initiation of the criminal trial. *See Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 381 (D.D.C. 1977).

Requiring the United States to disclose the names, addresses, and telephone numbers of all witnesses with discoverable information that support the United States' theory of this civil

forfeiture case, or that claimants may use to support their claims or defenses, will necessarily adversely impact the prosecution's ability to protect potential witnesses in the criminal case from contact by the claimants and their supporters. The claimants could also engage in comprehensive, and likely extensive, civil discovery of government investigators, including: depositions (Fed. R. Civ. P. 30); interrogatories (Fed. R. Civ. P. 33); requests for production of documents (Fed. R. Civ. P. 34); and requests for admissions (Fed. R. Civ. P. 36). In addition, the potential exists that parties could issue numerous, if not unlimited, civil subpoenas to third parties pursuant to Fed. R. Civ. P. 45.

A criminal defendant "should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit." *See* FED. R. CRIM. P. 16(a)(2) & (3); *United States v. Assorted Firearms-Motorcycles & Other Personal Prop.*, 677 F. Supp. 2d 1214, 1216 (C.D. Cal. 2009) (to allow claimants to participate in civil discovery would require the Government to reveal all information collected to support the indictment); *United States v. Leasehold Interests in 118 Ave. D*, 754 F. Supp 282, 289 (E.D.N.Y. 1990) (same); *United States v. Contents of Nationwide Life Ins. Annuity Acc't*, No. 1:05-CV-00196, 2007 WL 682530, at *1 (S.D. Ohio Mar. 1, 2007) (civil case will be stayed to prevent a claimant from using the civil forfeiture proceeding as a "back door" to obtaining greater discovery in his criminal case than Rule 16 allows). Indeed, numerous courts examining the pre-CAFRA stay statute (which is more restrictive than CAFRA's mandatory stay provision) held that "good cause" was established because the broader civil discovery available to a forfeiture claimant could interfere with a related criminal case. *See United States v. Property at*

*297 Hawley Street*, 727 F. Supp. 90, 91 (W.D.N.Y. 1990) (good cause requirement satisfied as stay necessary to protect criminal case from "potentially" broad discovery demands); *United States v. One Single Family Residence Located at 2820 Taft St.*, 710 F. Supp. 1351, 1352 (S.D. Fla. 1989) (stay granted as "scope of civil discovery could interfere with the criminal prosecution").

Courts are also sensitive to the possibility that claimants' counsel may use civil discovery to burden law enforcement officers who might be conducting a contemporaneous criminal investigation or assisting the prosecution in preparing for trial. *See also All Funds on Deposit in Suntrust Acc't No. 8359*, 456 F. Supp. 2d at 66. Permitting claimants' counsel in this matter to use the broad net of civil discovery to glean everything the United States knows now and later learns, through grand jury or otherwise, about the criminal conduct at issue in this case is an inappropriate subversion of the dual nature of the parallel criminal and civil proceedings. Absent a stay, claimants will likely seek to use liberal civil discovery rules to circumvent criminal discovery limitations designed to protect the public's interest in the integrity of criminal investigations, the safety of potential witnesses, and the protection of trial evidence. The harm posed by the opening of civil discovery in this case is more fully demonstrated in the Sealed *ex parte* Declaration of United States Department of Defense, Defense Criminal Investigative Service ("DCIS") Special Agent Keith Darnell, attached hereto as Exhibit A ("Darnell Declaration").

Courts have consistently stayed civil forfeiture cases based upon anticipated prejudice from civil discovery issues, such as those just described. *See One 2008 Audi R8 Coupe Quattro*, 2011 WL 5966383, at *3 ("Courts have routinely issued Section 981(g)(1) stays on the basis of

the Government's allegations of *likely* prejudice to the criminal proceeding caused by the civil discovery") (emphasis in original); *GAF Fin. Services, Inc.*, 335 F. Supp. 2d at 1373 (issuing stay based upon "*anticipated* adverse impact" without discussion of any pending discovery requests) (emphasis added); *United States v. Prop. at 297 Hawley St.*, 727 F. Supp. 90, 91 (W.D.N.Y. 1990) (pre-CAFRA case holding that a stay is justified if the Government can show that one is "necessary to protect [a] criminal case from the *potentially broad civil discovery* demands . . . .") (emphasis added).

## IV. CONCLUSION

For the foregoing reasons, pursuant to 18 U.S.C. § 981(g)(1), the government respectfully requests that its motion be granted.

Dated: January 31, 2013.

DAVID B. BARLOW
United States Attorney

/s/
Tyler L. Murray
Cy H. Castle
Assistant United States Attorneys

JAIKUMAR RAMASWAMY, Chief

/s/
Kristen M. Warden
Anand Sithian
Trial Attorneys
U.S. Department of Justice, Criminal Division
Asset Forfeiture and Money Laundering Section