IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>APPROXIMATELY UP TO $15,253,826<br>IN FUNDS CONTAINED IN THIRTEEN<br>BANK ACCOUNTS et al.,<br><br>　　　　　　　　Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:11CV806 DAK |

　　　　This matter is before the court on the United States of America's Motion to Stay Civil Forfeiture Proceeding Pursuant to 18 U.S.C. § 981(g)(1).  A hearing on the motion was held on May 8, 2013.  At the hearing, Plaintiff United States of America was represented by Tyler L. Murray and Kristen M. Warden.  Intervenor-Defendant AISC was represented by Daniel Marino and David B. Smith.[1]  The court has carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion, the testimony presented at the hearing, and the arguments presented by counsel.   Now being fully advised, the court renders the following Order.

　　　　Through the instant motion, the United States seeks to stay this civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g) until its companion criminal case, *United States v. David Young, et. al.*, 2:12CR00502-TC, is resolved, either through a verdict or by way of a plea.  The United

---

[1] Mr. Smith appeared by telephone.

States seeks a stay because it claims that (1) to allow civil discovery to proceed in this case, at this time, will adversely affect the ability of the United States to conduct the prosecution of the related criminal case, (2) a stay is the appropriate remedy for balancing the countervailing interests of the United States, the defendants in the criminal case, and the claimants; and (3) claimants should not be permitted to use civil discovery to circumvent the criminal discovery process.

AISC opposes a stay, arguing that it would deprive AISC – and its principal, Michael Taylor, who is defendant in two related criminal cases – of the opportunity to seek release of a portion of the funds that were seized pursuant to this court's civil seizure order and which are needed to fund the criminal defense of AISC and Mr. Taylor. AISC contends that a stay is not necessary, notwithstanding the pendency of a related criminal case, because discovery is not needed to adjudicate AISC's forthcoming motion for release of funds. AISC argues that the government's insistence upon an indefinite stay, while Mr. Taylor is detained pending trial of complex criminal cases, is overreaching and disingenuous.

## DISCUSSION

Title 18, United States Code, Section 981 (g) states:

> Upon the motion of the United States, the court **shall** stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g) (emphasis added). Thus, to obtain a stay the government must show: (1) that a related criminal investigation or prosecution exists and (2) that civil discovery would adversely affect such investigation or prosecution. *See All Funds Deposited in Accl. No. 200008524845*, 162 F. Supp. 2d 1325, 132930 (D. Wyo. 2001). Upon such a determination, the

court must stay the underlying civil forfeiture proceeding. *See, e.g., id*. at 1330-3. If civil discovery will have an anticipated adverse effect on the related criminal investigation or prosecution, a stay should be granted. *Id.*

Having considered the arguments of the United States, the court finds that the government has demonstrated that a related criminal investigation or prosecution exists and that civil discovery would adversely affect such investigation or prosecution. Accordingly, the case will be stayed.

AISC is concerned that AISC and Mr. Taylor must be afforded the opportunity to seek relief from the civil seizure order. The United States correctly notes, however, that AISC has indicated that such a motion has allegedly been in the works for a significant amount of time, but nothing has been filed. If and when AISC is prepared to file such a motion, it may file the motion, along with a motion for leave of court to lift the stay for the limited purpose of litigating the motion.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Stay Civil Forfeiture Proceeding Pursuant to 18 U.S.C. § 981(g)(1) [Docket No. 170] is GRANTED. This action is HEREBY stayed until further order of this court.

DATED this 7th day of June, 2013.

BY THE COURT:

DALE A. KIMBALL
United States District Judge